397 So.2d 970 (1981)
In re the ESTATE OF Reginald Hall JOHNSON, Deceased.
District Court of Appeal of Florida, Fourth District.
April 15, 1981.
Rehearing Denied May 27, 1981.
*971 Law Offices Thomas J. Woolley, Jr., Boynton Beach and Stanley A. Tucker of Tucker & Slawson, P.A., West Palm Beach, for appellant Kathleen Ross Johnson.
Sam D. Phillips, Jr., West Palm Beach, for appellee Michelle Johnson Headley, as mother of Ross Johnson.
ANSTEAD, Judge.
This is an appeal by Kathleen Ross Johnson, the adult daughter of the deceased, from an order of the probate court setting aside an attempted conveyance of homestead property.
Reginald Hall Johnson, hereinafter referred to as the decedent, died testate in Palm Beach County on February 10, 1979, survived by five children, including a four year old minor, Ross, who was then residing with the decedent's second wife, Michelle Johnson Headley, in Dade County. The decedent's four other children, Kathleen, Reginald Jr., Judith and Diane, were the offspring of the decedent's first marriage. At the time of his death, the decedent owned a single-family residence located on real property less than one-half (1/2) acre situated in the municipality of Ocean Ridge.
On April 14, 1977, the decedent executed a revocable trust known as the "Reginald Hall Johnson Trust Agreement" wherein he designated himself as the trustee and lifetime beneficiary of the trust. The agreement provided for the disposition of trust assets upon the death of the decedent and included a provision that Kathleen, if she survived the decedent, was to receive the residence located in Ocean Ridge as a gift. Pursuant to the trust arrangement the decedent executed a quitclaim deed transferring his residence from himself, individually, to himself, as trustee. The quitclaim deed was delivered and recorded.
Upon his death, the decedent's former wife, Michelle Johnson Headley, as mother and next friend of the minor child Ross, filed a petition seeking a determination that the real property located in Ocean Ridge was homestead property. The probate court granted the petition and set out its reasons in a written order:
The decedent did during his lifetime endeavor to divest himself of any interest in the homestead property by executing a revocable trust instrument, as well as a quitclaim deed, to himself as trustee which was subject to revocation under the terms of the trust. By retention of the complete control of the property with the absolute right to revoke the trust instrument and the deed, it is apparent that the testator intended to circumvent the constitutional restriction on testamentary disposition of the homestead while at the same time treating the property as his own during his lifetime. Any statutory basis for permitting said transaction would abrogate the constitutional protection accorded to a homestead as provided in Article X, Section 4 of the Constitution of the State of Florida, which must prevail over any statutory enactment.
We believe the trial court was correct in both its decision and reasoning.
Article X, Section 4(c) of the 1968 Florida Constitution, as amended in 1972, provides:

*972 The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by his spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
The 1885 Constitution likewise allowed the holder of a homestead to alienate his homestead, although the term "gift" was not specifically included in its provisions.
In Johns v. Bowden, 68 Fla. 32, 66 So. 155 (1914), the decedent set up a revocable trust endeavoring to transfer his homestead to a trustee while his children were still living. By the terms of the trust, the decedent was to occupy the land for his own use and benefit during his lifetime, and the trustee, upon decedent's death, was to convey the property to the decedent's son for life, with the remainder going to the grandson then living. The other children of the decedent sought to set aside the property as homestead. In holding the transfer a nullity, the Florida Supreme Court stated the following:
Where the relation of husband and wife does not exist between the owner of property to which the homestead exemptions are attached and another living person, the constitution imposes no restrictions upon, but expressly recognizes, the power of the owner to alienate the property by a deed or mortgage executed by the owner alone, to take effect in the grantor's lifetime as a vested, irrevocable right. Under the constitution and statute, the property upon which the law imposes the homestead exemptions and limitations is not subject to testamentary disposition when the testator is the "holder" of the homestead and leaves a wife or a child. That which the law forbids to be done directly cannot lawfully be done by indirection. If an attempted conveyance of homestead real estate is in legal and practical effect and operation a will, it may not be effective when the owner of the homestead leaves a wife or child.
* * * * * *
The conveyance alleged to have been made by Uriah Bowden to V.W. Shields as trustee carried if anything the bare legal title to the trustee, subject to the grantor's right during his lifetime to direct a conveyance of the title and the entire beneficial interest to others at his pleasure, as well as subject to ultimate disposition as directed by the trust deed made to the trustee. The interest attempted to be conveyed was not a vested right in the property to any of the beneficiaries named in the trust deed, but a contingent interest subject to the right of the grantor to direct a conveyance of the entire property to others at any time during the grantor's life. In effect the entire beneficial interest and right in the specific property remained in the grantor and could not pass at all, without his consent, till after his death, thus making the trust deed not an absolute conveyance of a vested right in presenti, of the property alleged to be a homestead. See Smith v. Crocker, [Crocker v. Smith], 94 Ala. 295, 10 S.R. 258, 16 L.R.A. 576; 40 Cyc. 1085; Tuttle v. Rush, [Tuttle v. Raish], 116 Iowa 331, 90 N.W.Rep. 66. Because of the retention of the entire beneficial estate in the grantor during his life, the instrument in practical effect, is in the nature of a testamentary disposition of property alleged to be a homestead, and a testamentary disposition of homestead property is forbidden by law when the testator leaves a wife or a child.

If the property was and continued to be in fact and in law a homestead, the alleged trust deed not being an absolute conveyance of any vested estate in the land to take effect during the grantor's life time, is apparently ineffectual for the purpose designed. 68 Fla. at 45-47, 66 So. 155. (Emphasis supplied).
We believe the interpretation placed upon the 1885 Constitution by the Johns *973 court applies with equal force today and operates to prevent the attempted devise by trust at issue herein. The homestead provisions of the 1968 Constitution are not materially different from those of the 1885 Constitution. With one exception not pertinent here, the 1968 Constitution allows the unmarried owner of homestead property to alienate the homestead by mortgage, sale or gift, but such property is not subject to testamentary disposition where the owner leaves a spouse or minor child.
Appellant relies on Section 689.075, Florida Statutes (1977) to validate the conveyance. This section provides that a trust which is otherwise valid, including a trust the principal of which is composed of real property and which has been created by a written instrument, shall not be held invalid or an attempted testamentary disposition for any one or more of seven specified powers retained by the settlor, two of them being the power to revoke or amend the trust and the power of the settlor to retain the right to receive all or part of the income of the trust during his life or for any part thereof. Try as we may, we do not believe we can construe this statute to avoid the effect of the Supreme Court's decision in Johns v. Bowden, supra.
Just as in the Johns case, it is obvious that the decedent here, as the settlor, was retaining all equitable right, title, possession and interest in the property until his death. If Section 689.075 was construed to authorize the devise of homestead property in the manner involved herein, it would contravene the homestead provisions of the Florida Constitution, as interpreted by the Florida Supreme Court in Johns, supra. We hold only that Section 689.075 does not authorize a disposition of homestead property that is prohibited by the Florida Constitution.
Accordingly, for the reasons set out above, the judgment of the trial court is affirmed.
BERANEK and HERSEY, JJ., concur.
HERSEY, J., concurs specially with opinion.
HERSEY, Judge, concurring specially.
While I concur in the result reached here and agree, for the most part, with the rationale of the majority opinion, there is one point of departure that in my judgment requires a comment because of its potential effect in subsequent cases like this one. It seems to me that it is no longer correct to strike down the trust as a prohibited attempted testamentary disposition. Section 689.075 Florida Statutes (1979) provides that a trust containing various types of provisions like the one involved here "... shall not be held invalid or an attempted testamentary disposition... ."
This trust of the homestead is invalid because it was and is neither a sale nor a mortgage nor a gift. Alienation of the homestead under appropriate circumstances must take one of these three forms or it is constitutionally infirm. Article X, Section 4(c) of the Florida Constitution. By definition the transfer in trust was neither a sale nor a mortgage. It could not have been a gift because the trust was revocable.
Therefore I would invalidate the attempted alienation of the homestead involved here and affirm the order from which this appeal was taken, leaving open the question of whether this form of alienation of the homestead might be valid if the trust was irrevocable and all of the other elements of a gift in trust were present.