550 So.2d 37 (1989)
In re ESTATE OF Ralph DONOVAN, Deceased.
Helen DONOVAN, As Personal Representative and Individually, Appellant,
v.
Margo M. HENDRICKSON, Appellee.
No. 88-02722.
District Court of Appeal of Florida, Second District.
August 16, 1989.
Steven G. Nilsson, Clearwater, for appellant.
Denise L. McCain of Greene & Mastry, P.A., St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
Helen Donovan, individually and as personal representative of her late husband's estate, challenges the trial court's order holding that her husband, the late Ralph Donovan, did not properly devise his homestead to her, as surviving spouse. Accordingly, the trial court held that she has only a life estate in the homestead. We reverse.
On June 13, 1986, Mr. Donovan executed a revocable inter vivos trust "to provide a means for the management of certain of my properties ... and for the disposition of the Trust Estate upon my death." The instrument specified that the:
Trust shall terminate within forty-five (45) days following the date of death, or upon the payment of all final expenses and any death taxes which may be assessed against the estate, the exact date to be determined by and at the sole discretion of the Successor Trustee. The Trust Estate shall then be distributed in total, principal and income, to my wife, HELEN, if she survives me. If HELEN does not survive me, then and in that event my trust estate shall be distributed to my daughter, MARGO T. HENDRICKSON, but should she not then be alive then to her issue per stirpes... . *38 My wife, HELEN, is the original Trustee of this Trust and in the event of her death, incapacity or resignation, the Successor Trustee shall be my daughter, MARGO.
Mr. Donovan executed a will on the same date which provided:
The expenses of my last illness, my final expenses and the expenses of the administration of my estate shall be paid out of the principal of my residuary estate by my Personal Representative, hereinafter named, as soon as practical after my death... .
I give and bequeath all my residuary estate, being all real and personal property wherever situated in which I may have any interest at the time of my death, as follows:
A. To the Successor Trustee[1] named in the RALPH DONOVAN Self-Declaration of Trust dated June 13, 1986, as such may have been amended prior to my death.
B. In the event no such trust as is described in the preceding paragraph exists at the time of my death, then I leave my entire estate to my wife, HELEN, if she survives me.
Mr. Donovan died on June 15, 1987, and was survived by his wife, Helen Donovan, and his adult daughter, Margo Hendrickson. At the time of his death, Mr. Donovan's homestead was a condominium unit in which he and his wife each owned an undivided one-half interest. Mr. Donovan's will was admitted to probate, and Mrs. Donovan was appointed personal representative of the estate.
A year later, Mrs. Hendrickson filed a petition claiming that her father's devise of the homestead property to the trust did not constitute a direct devise to his wife and therefore was violative of Article X, section 4 of the Florida Constitution, the homestead provision. Accordingly, Mrs. Hendrickson sought to have the devise set aside and the property pass under Article X, section 4(c), Florida Constitution, and section 732.401(1), Florida Statutes (1985). Such a disposition would give only a life estate to Mrs. Donovan, as the surviving spouse, with a vested remainder to Mrs. Hendrickson, as Mr. Donovan's only child.
Thereafter, Mrs. Donovan filed a petition for discharge as personal representative. In it she asked leave to issue herself a deed evidencing that she was vested with fee simple title to the homestead. Based largely on stipulated facts, the court entered an order determining the homestead issue in favor of Mrs. Hendrickson on the ground that the homestead property had not been properly devised. This appeal ensued.
Article X, section 4(c) of the Florida Constitution provides that a homestead will not be subject to devise if the owner is survived by spouse or minor child, except that the homestead may be devised to the owner's spouse if there are no minor children. A testator may devise homestead property by a residuary clause in a will as long as the residuary clause sufficiently indicates a testamentary intent that the homestead pass to the surviving spouse. Estate of Murphy, 340 So.2d 107 (Fla. 1976). We think the residuary clause in Mr. Donovan's will adequately evidences such an intent.
Although Mr. Donovan's trust was an inter vivos document, we think it appropriate that the will and the trust agreement be read together to determine his testamentary intent. Sun Bank/Miami, N.A. v. Hogarth, 536 So.2d 263 (Fla. 3d DCA 1988), review denied, 545 So.2d 1369 (Fla. 1989). While it is true that Mr. Donovan apparently intended to pass the property through the residuary clause of his will to a trust, under the terms of both documents, his death vested the homestead property in his wife if she survived him. See, § 732.514, Fla. Stat. (1985). Nothing in either document suggests a contrary intention.
We recognize that the trust contained a provision for the payment of Mr. Donovan's debts before distribution of the *39 trust's corpus to Mrs. Donovan. Mrs. Hendrickson argues that this debt provision modified the devise into less than a complete, unfettered devise to Mrs. Donovan. We note, however, that most wills containing testamentary dispositions of homestead property also contain a "just debts" provision. We, therefore, do not accept Mrs. Hendrickson's contention in this regard.
Mrs. Hendrickson seeks to sustain the trial court's judgment on two major grounds. First, she cites Estate of Finch, 401 So.2d 1308 (Fla. 1981), and Estate of Cleeves, 509 So.2d 1256 (Fla. 2d DCA), review denied, 518 So.2d 1273 (Fla. 1987), for the proposition that only a devise of 100% of a fee simple interest constitutes an acceptable devise of a homestead to a surviving spouse. She argues that since her father owned only an undivided one-half interest in the condominium/homestead, he obviously was unable to devise a 100% fee simple interest to his surviving wife. We disagree, and find Finch and Cleeves factually distinguishable.
Unlike the instant case, the devises in Finch and Cleeves failed because both decedents willed to their surviving spouses less than their full interests in the homestead properties. Both devisors held fee simple interests, but Finch devised only a life estate and Cleeves devised only 50% of his fee simple interest. Thus, in both cases, the surviving spouses were given only a fractional interest in the property. Here, however, Mrs. Donovan already owned an undivided one-half interest in the condominium unit where she and her husband resided. By operation of the will and trust, Mrs. Donovan attains her husband's one-half interest, thereby owning the homestead outright. This is certainly the logically desirable result. To hold otherwise would leave Mrs. Donovan with her existing one-half fee simple and a life estate in the remaining one-half. This is not only illogical, but impractical.
Second, Mrs. Hendrickson argues that the devise is void because her father attempted to devise his homestead property to a trust in existence at the time of his death as opposed to devising it directly to his wife. She contends that a beneficiary of a trust is not considered a devisee, and that a devise to a trust, rather than to a person, is not the kind of devise contemplated by the Florida Constitution. We think, however, that the obvious intent and the resulting effect of Mr. Donovan's will and trust are of greater importance than the technicalities of terms used in those documents.
It must be remembered that the purpose behind the constitution's homestead devise provision is to protect the interest of the surviving spouse. Thus, the homestead law is to be liberally construed for the benefit of the surviving spouse it was designed to protect. M.O. Logue Sod Service, Inc. v. Logue, 422 So.2d 71, 72 (Fla. 2d DCA 1972).
As Mrs. Donovan points out, by the operation of the will and the trust, she is both trustee and sole beneficiary of the inter vivos trust. Thus, the legal and equitable estates have merged in her irrespective of the trust's terms. Axtell v. Coons, 82 Fla. 158, 89 So. 419 (1921). Furthermore, we reject Mrs. Hendrickson's contention that section 689.075, Florida Statutes (1985), which preserves the validity of inter vivos trusts despite retention of broad powers by the settlor, makes the merger doctrine unavailable to the surviving spouse.
Under the terms of Mr. Donovan's will, his homestead vested in Mrs. Donovan to the same extent as if there had been no trust. We think the devise complied with Article X, section 4(c) of the Florida Constitution. Accordingly, we vacate the order vesting an interest in the homestead in Margo Hendrickson, and remand for proceedings consistent with this opinion.
DANAHY and FRANK, JJ., concur.
NOTES
[1] The parties stipulated that the reference to "Successor Trustee" in this section of the will is a reference to Mrs. Donovan, the trustee at the time of Mr. Donovan's death. Mrs. Hendrickson has never served as trustee.