# PEDRICK v CITIZENS AND SOUTHERN TRUST COMPANY
## Case No. CA 89-1730
Twelfth Judicial Circuit, Manatee County

March 6, 1991

## APPEARANCES OF COUNSEL

**P. Allen Schofield, Esquire,** for Kathleen Pedrick.

**W. F. Davenport, Esquire,** for C & S Bank.

**Robert L. Scott, Esquire,** for William S. Pedrick.

## OPINION OF THE COURT

THIS CAUSE came on to be heard upon the stipulated Facts, the testimony of Kathleen T. Pedrick, Stipulation regarding the Petition for Removal of Trustee, the Exhibits consisting of the William K. Pedrick Trust dated January 15, 1985, a deed of record in Official Record Book 354, Page 29, Public Records, Manatee County, Florida, deed of record in Official Record Book 1101, Page 2244, Public Records, Manatee County, Florida, appraisal of real property of William K. Pedrick prepared by Doss-Smith & Associates as of

February 28, 1989, and argument of counsel, and the Court being advised, the Court finds as follows:

1. The Petition for Removal of Trustee filed on behalf of Katherine[sic] T. Pedrick, Petitioner and surviving spouse, will be disposed of by Stipulation of the parties.

2. The issues to be tried by the Court are those issues framed in the Counter-Claim of William S. Pedrick, Intervenor, and adult son of the deceased, William K. Pedrick. The issue presented is whether the subject land which constituted the homestead of the decedent, has been validly conveyed to or transferred to the William K. Pedrick trust or whether it was not subject to devise under Article X, Section 4, Florida Constitution, and therefore, descended upon the decedent's death by statute to the surviving spouse for life with the remainder to the adult son as provided in § 732.401 of the Florida Statutes.

3. The stipulated facts in part are as follows:

The real property described in Official Records Book 354, Page 29, Public Records, Manatee County, Florida, is not within a municipality. The land described therein is contiguous and contains less than 160 acres. W. K. Pedrick and Kathleen T. Pedrick, his wife, resided on the property on January 15, 1985, and thereafter until the death of W. K. Pedrick. He was survived only by his wife, Kathleen T. Pedrick and his adult son, William S. Pedrick. Grace Pedrick, a prior wife, predeceased him. William K. Pedrick and Kathleen T. Pedrick did not enter into any ante-nuptial agreements.

W. K. Pedrick was the sole owner of the said property on January 15, 1985, and on that date Kathleen S[sic]. Pedrick was his wife. They resided on the property on that date. On January 15, 1985, W. K. Pedrick and Kathleen T. Pedrick executed the instrument designated as a Quit Claim Deed which was subsequently recorded in O.R. Book 354, Page 29, Public Records, Manatee County, Florida. On the same date, W. K. Pedrick executed an instrument designated as Last Will and Testament as well as an instrument entitled Declaration of Trust in which William K. Pedrick was Settlor and Trustee. There have been no amendments to the trust and there were no subsequent wills. C & S Trust Company is the currently acting Trustee. . .

4. From the testimony of Kathleen T. Pedrick at the trial, the Court finds that Mrs. Pedrick, knowingly executed the Quit Claim Deed dated January 15, 1985, and knew that the purpose of the deed was to transfer the subject homestead into the Revocable Trust established by the decedent, William K. Pedrick on that same date. The surviving

149

spouse further testified that she was aware that as surviving spouse she had certain rights in the subject property even though she was uncertain as to those rights and also uncertain as to her rights under the Revocable Trust. She testified that it was her intent to transfer whatever rights she had in the property to the Revocable Trust by way of the quit claim deed. She also testified that there were no ante-nuptial or post nuptial agreements.

5. The adult son argues that *re: Estate of Johnson,* 397 So.2d 970 (4DCA 1981) is controlling in that the attempted transfer of the homestead property to the inter-vivos trust was an attempted testamentary disposition, and since the decedent had a surviving spouse at the date of his death, the subject attempted transfer was void and ineffective. He further argues that the rights of the surviving spouse were not waived and that *Hartwell v Blasingame,* 564 So.2d 543 (2DCA 1990) does not apply.

6. The surviving spouse argues that the Quit Claim Deed constitutes a valid waiver of her homestead rights in the subject property as provided under § 732.702, Florida Statutes, as well as a valid transfer of the subject real property into the living trust.

7. The surviving spouse further argues that any failure of the Quit Claim Deed to transfer the subject real property to the trust was cured by the decedent's pourover will which transferred all his remaining assets into the trust upon his death.

8. The surviving spouse further argues that it was the testator's intent as gleaned from the Quit Claim Deed, the decedent's will and the revocable trust that the subject property be a part of the revocable trust and argues as authority *re: Estate of Donovan,* 550 So.2d 37 (2DCA 1989).

9. The Court was influenced by the provisions of the trust which indicated the property should not be sold.

The Court having heard arguments of counsel, and being otherwise fully advised in the premises, it is

ADJUDGED:

1. The trust, the will and the Quit Claim Deed, when read together, establishes that it was the intent of the decedent, that the homestead property be transferred into the trust.

2. That Kathleen T. Pedrick intended the Quit Claim Deed to operate as a waiver of her homestead rights.

3. Accordingly, the effect of the Quit Claim Deed executed by the

150

surviving spouse was a valid waiver of her homestead rights and a valid transfer of the property to the revocable trust.

4. That upon the decedent's death, the adult son had no homestead interest in the property.

5. That the pourover will re-confirms and re-establishes the validity of the transfer.

6. The Court reserves jurisdiction for the purpose of appointing a successor trustee, to entertain motions regarding the final account filed by the defendant, Citizens & Southern Bank and for the determination of fees and costs.

DONE AND ORDERED this 6th day of March, 1991, in Chambers, Bradenton, Manatee County, Florida.