594 So.2d 774 (1991)
HCA GULF COAST HOSPITAL, Appellant,
v.
ESTATE OF Phyllis E. DOWNING, Deceased, Appellee.
No. 90-2830.
District Court of Appeal of Florida, First District.
December 16, 1991.
Rehearing Denied April 2, 1992.
*775 Jeffrey P. Whitton, Panama City, for appellant.
Jacalyn N. Kolk, Panama City, for appellee.
PER CURIAM.
The question presented in this case is whether an heir possessed of an equitable or beneficial interest in real property by operation of a spendthrift trust may receive the benefit of the homestead exemption from forced sale as though the property had passed directly to the heir by devise or intestacy? The trial court answered the question in the affirmative. We agree, and affirm.
Phyllis Downing passed away testate on July 1, 1990. In her will, she designated her former husband, Robert H. Downing, as her personal representative. The Downing estate consisted entirely of real property valued at $45,000. Mr. Downing petitioned to administer his former wife's estate and to declare this property, devised in trust for their daughter, Donna Downing Gray, homestead property. Based upon a judgment, appellant/creditor HCA Gulf Coast Hospital (HCA) filed a claim against the estate for $8,856.45 plus interest, and objected to the petition on the ground that the property was devised not to an heir (the daughter), but to a non-heir (trustee/former husband) who held legal title in the subject property. HCA argued that that because the trustee could not himself claim the forced sale exemption, the homestead protection was extinguished and could not inure to the benefit of the daughter, the spendthrift beneficiary.
We begin our analysis with the established rule that homestead provisions are to be construed liberally to effectuate their purpose. Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 So. 440 (1914); In re: Estate of Skuro, 467 So.2d 1098 (Fla. 4th DCA 1985), aff'd 487 So.2d 1065 (Fla. 1986).
[T]he purpose of the homestead exemption is to promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have given credit under such law.
Public Health Trust of Dade County v. Lopez, 531 So.2d 946, 948 (Fla. 1988).
Counsel has cited no authority and our research has not uncovered any legal precedent covering the precise issue raised here, but other courts have probed the periphery of the question at hand sufficiently to assist us in our analysis. For example, in In re: Estate of Donovan, 550 So.2d 37 (Fla. 2d DCA 1989), the testator devised, by operation of will and trust instrument, his homestead property to his wife who was both trustee and sole beneficiary of the estate. The devise was challenged by the testator's daughter who claimed the devise of the homestead property through the trust did not constitute a direct devise to the wife and was therefore violative of Article X, section 4 of the Florida Constitution, the homestead provision. It is true that Donovan is distinguishable from the instant case in that there the trustee and the beneficiary were one in the same person. The legal and beneficial interests in the homestead property were merged in the wife, irrespective of the terms of the trust. Thus, the end result of the testator's disposition was tantamount to a direct *776 devise to the wife. We find, nonetheless, that some of the reasoning of the Donovan court is helpful in resolving the issue before us.
We think, however, that the obvious intent and the resulting effect of Mr. Donovan's will and trust are of greater importance than the technicalities of terms used in those documents.
It must be remembered that the purpose behind the constitution's homestead devise provision is to protect the interest of the surviving spouse. Thus, the homestead law is to be liberally construed for the benefit of the surviving spouse it was designed to protect.
Donovan, 550 So.2d at 39, citing M.O. Logue Sod Service, Inc. v. Logue, 422 So.2d 71, 72 (Fla. 2d DCA 1982). We believe the Donovan court's reference to the surviving spouse is equally applicable to heirs.
As applied to the instant facts, we think it clear that the intent and the resulting effect of Phyllis Downing's spendthrift trust was that the benefit of her homestead property would inure entirely to her only heir at law, her daughter. This was her intent just as surely as if the property were devised directly to her daughter by will or passed by intestacy. That Phyllis Downing chose to effectuate her intent through a spendthrift trust rather than a will seems to us a matter of form rather than substance. "Article X, Section 4 of the Florida Constitution defines the class of persons to whom the decedent's exemption from forced sale of homestead property inures; it does not mandate the technique by which the qualified person must receive title." Bartelt v. Bartelt, 579 So.2d 282, 284 (Fla. 3d DCA 1991) citing Kelley, Homestead Made Easy, Part I: Understanding the Basics, Fla. Bar Journal, Mar. 1991, at 22. However, the result we reach here relies on the fact that the trustee, Mr. Downing, although possessed of legal title in the subject property, exercised nothing more than a supervisory interest in the homestead. Were the facts otherwise, this result may have been different.
For purposes of Article X, Section 4 of the Florida Constitution, we hold that the benefit of the homestead forced sale exemption inures to a spendthrift beneficiary who would be otherwise entitled to claim homestead protection had title passed directly to her by devise or intestacy. Thus, the trial court correctly ruled that Donna Downing Gray may hold equitable title to the homestead property free from the claim of creditor HCA.
AFFIRMED.
ERVIN, ZEHMER and MINER, JJ., concur.