ALTENBERND, Judge.
On motion for rehearing, the Appellants request a written opinion. The request deals primarily with Maureen Larkin’s claims that she is entitled to pursue a civil theft claim against Scott Niedecken and that $40,000 should not have been inter-pleaded into the registry of the court. The rather emotional motion for rehearing, which the attorneys for the Appellants undoubtedly sent to their clients, states:
Ms. Larkin placed her faith and trust in the judiciary to resolve this dispute according to Florida law. In light of the extensive record of Appellee’s documented bad faith conduct, respectfully, she should be entitled to more than summary denials of her claims at both the trial and appellate levels.
We write briefly to give her that explanation.
Scott Niedecken and Eric Hackney decided to open a gambling or gaming operation in Charlotte County, Florida. Because the two men were short on money and credit, they approached Ms. Larkin, who is Eric Hackney’s mother, about investing $180,000 in the business. She borrowed the money from another man, giving a promissory note that was secured by a lien against her retirement holdings in Ohio.
The gaming operation was incorporated in Florida as Palace Casino Arcade, Inc. On May 1, 2009, Ms. Larkin loaned $130,000 to the corporation and received a promissory note from the corporation. About two weeks earlier, she also had received all of the shares of stock in Palace Casino Arcade, Inc.
The $130,000 was used, in large part, to buy fifty gaming machines described as redemption gaming machines. The corporation soon decided to shift to sweepstakes gaming machines. In shifting to a sweepstakes operation, a new corporation, Sweepstakes Funding Concepts, Inc., was created. Much of this litigation has dealt with a disagreement over Eric Hackney’s possible interest in that corporation and claims that Scott Niedecken engaged in self-dealing.
While in the process of creating the new entity, Eric Hackney and Ms. Larkin sold the assets of Palace Casino Arcade to a businessman in Georgia in June 2010. The fifty redemption gaming machines were excluded from the sale. The record contains a copy of the “agreement for purchase and sale of business assets.” In the agreement, the seller is described as “The Palace Casino, specifically Eric Hackney and Maureen Larkin (the Sellers).” Eric Hackney signed the agreement for the sellers. A problem, of course, might be that the assets were owned by Palace Casino Arcade, Inc., which does not appear to be a party to the agreement.
Following this sale of assets, the fifty redemption machines apparently were unused and sitting in storage. Scott Nie-decken found a willing buyer for the machines. With the knowledge and consent of Ms. Larkin, Mr. Niedecken sold the machines for about $40,000 in early October 2010. Although it would have been better had he obtained a check payable to Palace Casino Arcade, Inc., he apparently obtained payment to himself.
When Mr. Niedecken did not immediately transmit the $40,000 to the corporation, Ms. Larkin demanded payment from Mr. Niedecken. His lawyer suggested the parties use a general release, which was unacceptable to Ms. Larkin. When payment was not forthcoming, she filed an action *1230 that expressly claimed that she, individually, was owed the money. She further claimed that Mr. Niedecken’s failure to pay her constituted civil theft. Originally, Mr. Niedeeken claimed a potential interest in Palace Casino Arcade, Inc., but he quickly claimed no direct interest in the $40,000. The trial court permitted Mr. Niedecken’s attorney to place the money into the registry of the court.
The partial final judgment on appeal was entered after an extensive evidentiary hearing. In the order, the trial court required that the $40,000 be disbursed by a check payable to Palace Casino Arcade, Inc. It further entered judgment in favor of Mr. Niedeeken on Ms. Larkin’s claim for civil theft.
The reason that Ms. Larkin lost in the trial court and is losing this appeal stems from her failure and that of her attorneys to distinguish between her individual rights as a creditor of Palace Casino Arcade, Inc., and the rights of the corporation in which she was a shareholder. The money held by Mr. Niedeeken was owed to the lawful owner of the gaming machines. Ms. Larkin never proved that the machines belonged to her. In fact, it is quite clear from the record that the machines were owned by the corporation. The trial court correctly made the check payable to Palace Casino Arcade, Inc. If there is no corporate creditor with a claim superior to that of Ms. Larkin, presumably the corporation will be able to pay her the $40,000 as a partial payment of her loan.
Affirmed.
WALLACE and MORRIS, JJ., Concur.