NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARITSA DEJESUS,                              )
                                             )
            Appellant,                        )
                                             )
v.                                            )   Case No. 2D17-2374
                                             )
A.M.J.R.K. CORP. and ALTAGRACIA               )
GUILLEN,                                      )
                                             )
            Appellees.                        )
_____    )

Opinion filed February 9, 2018.

Appeal from the Circuit Court for
Hillsborough County; Richard A. Nielsen,
Judge.

John A. Anthony and John W. Landkammer
of Anthony & Partners, LLC, Tampa, for
Appellant.

Pedro W. Rodriguez of Pedro W. Rodriguez,
P.A., Tampa, for Appellee, A.M.J.R.K. Corp.

Curran K. Porto, Tampa, for Appellee,
Altagracia Guillen.


SLEET, Judge.

            Maritsa DeJesus challenges the trial court's Order on Proceedings

Supplementary, in which the court determined that property against which she holds a

lien is entitled to homestead protection against forced sale. Because the property is

owned by a corporation and because Altagracia Guillen, the natural person residing there, possesses no ownership interest in the property, we reverse.

The property in question is owned by A.M.J.R.K. Corp., of which Guillen is the president and sole shareholder. In 2012, DeJesus suffered injuries on the property and sued A.M.J.R.K. for damages. At that time, Guillen did not reside on the property. In 2014, while the litigation was still pending, a quitclaim deed was prepared, signed, and recorded attempting to transfer the property from A.M.J.R.K. to Guillen. However, the deed lacked consideration, a corporate seal, and evidence of proper corporate capacity or authority for the signatures, and the acknowledgment clause signed by the notary was for an individual, not a corporation. Subsequently, in 2015, Guillen started to reside on the property with her children. On December 8, 2015, the trial court entered final judgment in DeJesus's favor in her suit against A.M.J.R.K. and awarded her $390,649.64 in damages.

In an effort to collect on her judgment, on January 11, 2016, DeJesus, as the judgment creditor, filed a supplementary complaint alleging that A.M.J.R.K. had attempted to transfer the property to prevent a forced sale of the asset. The supplementary complaint further alleged that the first quitclaim deed was defective and that the transfer from A.M.J.R.K. to Guillen was thus not effective. DeJesus sought a constructive trust on the property and injunctive relief preventing A.M.J.R.K. from transferring the asset. Finally, DeJesus sought to implead Guillen. While the supplementary proceeding was pending, a second quitclaim deed purporting to transfer the property from A.M.J.R.K. to Guillen was recorded, but it suffered from some of the same defects as the first deed. On March 5, 2016, the trial court entered an order

impleading Guillen as a third-party defendant in the case. The trial court subsequently entered a temporary injunction preventing the transfer of the property.

Following a hearing, the trial court entered its Order on Proceedings Supplementary, in which it ruled (1) that both quitclaim deeds were defective and that neither attempted transfer from A.M.J.R.K. to Guillen was effective; (2) that despite the ineffective transfers, homestead attached to the property when Guillen began residing there in 2015; (3) that since the property did not receive homestead status until after DeJesus filed her action against A.M.J.R.K., DeJesus was entitled to a lien on the property; and (4) that despite DeJesus' lien on the property, due to its homestead status, the property was protected from forced sale or transfer to DeJesus.

On appeal, DeJesus argues that the trial court erred in determining that a corporation like A.M.J.R.K. could hold a homestead exemption on real property. We agree. Article X, section 4(a), of the Florida Constitution, entitled "Homestead; exemptions," provides as follows: "There shall be exempt from forced sale under process of any court, and no judgment, decree[,] or execution shall be a lien thereon, . . . property <u>owned by a natural person</u>." (Emphasis added.) As such, the plain language of the Florida Constitution requires that the owner of the property be a natural person to claim the homestead exemption. Here, neither attempt to transfer the property to Guillen was successful, and the property continued to be owned by A.M.J.R.K., a corporation.

Nevertheless, the trial court determined that homestead attached to the property because Guillen—a natural person—resides there. In doing so, the court cited <u>Callava v. Feinberg</u>, 864 So. 2d 429 (Fla. 3d DCA 2003), as support for its conclusion

- 3 -

that "Florida law does not require that a person be the owner of a homestead property to be protected by the Florida constitution." The trial court, however, misreads the holding in Callava.

In that case the judgment creditor sought a lien on a home purchased by Callava, the judgment debtor. However, the actual purchase of the home was made in the name of "Jorge Gaviria, as Trustee," and Callava was a beneficiary of the trust. Id. at 431. The trial court there imposed the lien, and the judgment creditor sought to foreclose on it. Callava argued that the property was her homestead, but the trial court entered the foreclosure judgment against her. On appeal, the Third District reversed, concluding as follows:

> The constitutional provision "does not designate how title to the property is to be held and it does not limit the estate that must be owned. . . ." Southern Walls, Inc. v. Stilwell Corp., 810 So. 2d 566, 569 (Fla. 5th DCA 2002). "[T]he individual claiming homestead exemption need not hold fee simple title to the property." Id. (citing Bessemer Props., Inc. v. Gamble, 158 Fla. 38, 27 So. 2d 832 (1946)). See also HCA Gulf Coast Hospital v. Estate of Downing, 594 So. 2d 774, 776 (Fla. 1st DCA 1991) (beneficiary of spendthrift trust entitled to claim homestead exemption as to trust property). Thus, even if Callava owns only a beneficial interest in the property, she is entitled to claim a homestead exemption to the forced sale of the property and the trial court erred in foreclosing her interest in the property.

Id. (alteration in original) (emphasis added).

Thus, Callava does not hold that a person need not own property to claim homestead protection. Callava merely holds that one's ownership interest in the property need not be fee simple title in order to obtain the homestead exemption from the forced sale of the property to satisfy a judgment lien. While the judgment debtor in Callava had some ownership interest in the property—as a beneficiary of the trust that

owned it—in the instant case Guillen has no ownership interest, either legal or equitable, in the property at issue.  See In re Alexander, 346 B.R. 546, 547 (Bankr. M.D. Fla. 2006) ("To qualify for Florida's homestead exemption, an individual must have an ownership interest in a residence that gives the individual the right to use and occupy it as his or her place of abode.").

We also note that although Guillen is the president and sole shareholder of A.M.J.R.K., such status did not give her an interest in the corporation's property.  See Mease v. Warm Mineral Springs, Inc., 128 So. 2d 174, 179 (Fla. 2d DCA 1961) ("The stockholders do not have vested in them title in the corporate property."); see also Hackney v. Niedecken, 133 So. 3d 1228, 1230 (Fla. 2d DCA 2014) (holding that status as a corporate stockholder did not entitle that stockholder to payment made on corporation's property).  Accordingly, we must reverse the trial court's order and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SILBERMAN and BADALAMENTI, JJ., Concur.