114 So.2d 23 (1959)
Peter J.F. ANEMAET and Marguerite Anemaet, Appellants,
v.
MARTIN-SENOUR COMPANY, a corporation, Appellee.
No. 993.
District Court of Appeal of Florida. Second District.
July 3, 1959.
Rehearing Denied August 31, 1959.
*24 R.J. Marshall, Palmetto, for appellants.
Hall, Farnsworth & Rousseau, Tampa, for appellee.
*25 KANNER, Acting Chief Judge.
Charlotte Abel, an aged widow, conveyed by deed to her daughter, Marguerite Anemaet, and Peter J.F. Anemaet, her husband, five acres of rural land on Terra Ceia Island, Manatee County, not within the corporate limits of a municipality. The deed contained a reservation of occupancy and use of certain property, the trial judge's interpretation of which has produced this appeal.
In deeding the land to appellants, the donor described the property in this manner:
"All property owned by the party of the first part, that is to say, property which has not been conveyed out of record as of this day, in U.S. Lot No. 4, Section 34, Township 33 south, Range 17 east, on Terra Ceia Island, Manatee County, Florida, and bordering on Meguil's Bay, being the purpose and intent hereof to convey, subject to the limitations herein expressed, all land on Terra Ceia Island now owned by the party of the first part."
Immediately following the description is the reservation, upon the construction of which the outcome of this appeal depends:
"Reserving to the said party of the first part a life tenancy to live in one of the dwelling houses now on said land, the party of the first part to have the option to designate which of said dwelling houses she will use as a place of residence and thereafter she will be permitted to live therein unmolested for the rest of her life."
Subsequent to this conveyance, the appellee, Martin-Senour Company, recovered a judgment against the appellants in the total amount of $12,527.63. This company obtained and placed in the hands of the Manatee County sheriff for execution a writ of fieri facias upon which a nulla bona return was made by him, the appellant, Peter J.F. Anemaet, having filed an affidavit pursuant to section 222.06, Florida Statutes, F.S.A. in which he claimed the property involved was his homestead and not subject to levy and execution.
The chancellor ruled that the reservation to Charlotte Abel "reserves to her present rights of possession in the dwelling house she has designated and the land on which it is located, together with means of access and any garage or any buildings otherwise commonly used in connection therewith." Having thus determined, the court then decreed that appellants had no interest in the property reserved save as remaindermen, that they were not entitled to homestead exemption, and that their remainder interest was subject to the lien of the judgment. The court further retained jurisdiction for the purpose of determining, if necessary, the exact location, description, and extent of this reserved property.
Appellants urge that they received a fee simple title to the property subject only to a license or privilege retained by Charlotte Abel to live in one of the houses selected by her, and not subject to a life estate. Appellants further assert that the trial court erred in finding that a remainder interest in rural property is not a sufficient title to avail one of homestead exemption pursuant to authority of article X, section 1, of the Constitution of the State of Florida, F.S.A. The appellee cross-assigned error that the court erred in its final decree in that it restricted the life estate reserved by Charlotte Abel to the premises actually occupied by her and not to the entire property conveyed.
As to construction of the terminology contained in the deed's reservation, there is some divergence of authority in cases dealing with interpretation of like provisions. Proper construction is plainly a matter of intent of the particular instrument. See Annotation 45 A.L.R.2d 699. No certain formula of words need be used in order to create a life estate so long as the language employed, from a consideration *26 of the whole instrument of conveyance, clearly manifests the intention so to do. 26 C.J.S. Deeds § 112, pp. 926-928. Predominantly it is held that a deed which conveys the fee and reserves the right to use or occupancy during the grantor's life reserves in the grantor a life estate. 26 C.J.S. Deeds § 140(7)g, p. 1023.
Analogous in principle to the question at issue is the case of Joyner v. Williams, 1945, 156 Fla. 615, 23 So.2d 853-854. In that case, situated on the property involved were a cottage, a rooming house, and a garage. The question for determination was whether the deed reserved a life estate in all the premises described or whether it limited the life estate to a cottage on the premises. The deed contained the following provision:
"`and for further consideration that the said first parties (meaning Maggie Williams, and her husband, Wesley Williams) shall be permitted to use and occupy said premises as a home so long as either of said first parties shall live.'"
It was determined that the quoted provision reserved in the grantor a life estate in all the premises.
Of like import is the case of Wise v. Wise, 1938, 134 Fla. 553, 184 So. 91, 95, involving two deeds which conveyed to each grantee the fee simple title to certain property and which contained the following reservation:
"`The said grantor hereby specifically reserves unto himself the right to occupy said described premises during his life time; and likewise reserves unto himself all profits of any nature whatsoever derived from said described property during his life time the same as though this deed had never been executed.'"
The court held, 184 So. 96, that this provision of the two deeds reserved to the grantor a life estate in the property, that while the fee simple title passed to the respective grantees at the time the deeds were executed, the grantees' enjoyment of the things reserved by the deed was merely postponed for the life of the grantor.
In the instant case there are three houses on the premises conveyed, one of which is occupied by appellants and one by the grantor. The reservation contained within the deed specifically stated that the grantor shall have a "life tenancy to live in one of the dweling houses" to "use as a place of residence" wherein she should be permitted to live "unmolested for the rest of her life." Thus the chancellor was correct in his ruling that the grantor, Charlotte Abel, reserved a life estate in the dwelling house selected by her, together with the necessary appurtenances incident to its use and occupancy. It follows, as the chancellor decided, that the appellants hold only a remainder interest in the reserved portion of the property.
We may now consider appellants' assertion that there is no restriction as to the nature or type of interest in property to prevent a head of a family from claiming homestead exemption from sale under execution levy. Appellants therefore claim that a remainder interest is adequate to authorize the homestead exemption sought, since the other requirements under the constitution necessary to afford that right have been fulfilled.
Although the constitution limits the homestead land area that may be subject to exemption, there is no definition or limitation to the estates in land to which homestead exemption may apply. Thus the exemptions allowed under this section, in the absence of contrary provisions or principles of law which control, may attach to any estate in land owned by the head of a family residing in Florida, whether it is a freehold or less estate, provided the land does not exceed the designated area and is in fact the family home place. When the estate or interest of the owner ends, the homestead exemption of the owner of such *27 property necessarily terminates. Menendez v. Rodriguez, 1932, 106 Fla. 214, 143 So. 223.
Since the property here involved is the home place, not of appellants, but of the grantor, Charlotte Abel, retained by her as a life estate, it cannot be said that appellants' interest as remaindermen bestows upon them any right of occupancy or use of the property as their home place until the life estate of Charlotte Abel has terminated. By great weight of precedent a claim of homestead may not attach to either vested or contingent future estates or interests in land, because a remainder expectant upon cessation of a preceding estate creates no present right to possession and is not susceptible to immediate occupancy by the remainderman. 26 Am.Jur., Homestead, section 61, p. 38; and Annotation 89 A.L.R. 511, section 4, p. 523. Consequently, the chancellor ruled correctly in holding that the remainder interest of appellants in the land in question is subject to levy.
Appellants submit that should the lower court's ruling be sustained, there should be a direction to that tribunal to determine the land boundaries of Charlotte Abel's life estate in order to protect appellants in the ownership of their land. The chancellor in his decree specifically reserved jurisdiction to entertain further proceedings to determine the exact location, description, and extent of the property concerned. Thus an application may be made by appellants for such purpose and determined by the court below.
The contention of the appellee, cross-assigned as error, is untenable that the chancellor erred in restricting the life estate reserved by Charlotte Abel to the premises occupied by her, rather than to the entire premises conveyed.
Affirmed.
SHANNON, J., and STURGIS, WALLACE E., Associate Judge, concur.