ANDREWS, Judge.
This is an appeal by the plaintiff, Elizabeth Collins, from an order declining to impress a trust on certain stock allegedly purchased by the deceased with funds withdrawn from a joint account, and construing the will of her deceased husband, John C. Collins. The defendants are the Administrator ad litem of the estate of the deceased, Nellie Griffin, the decedent’s sister, and Josephine Simpson, the decedent’s niece.
The plaintiff alleged that the decedent secretly diverted funds from their joint savings to purchase corporate stock in his own name, and prayed that a trust be impressed upon the property purchased with said funds, and for construction of the decedent’s will.
The pertinent portions of the will are as follows:
“2. I give, devise and bequeath to my beloved wife, Elizabeth Monaca Collins, my automobile and all of the income derived from all of my estate and property, including all securities and tangible property, real or personal for her exclusive use and benefit for and during the period of natural life.
“3. Upon the death of my said wife, I give, devise and bequeath all of my property, real and personal and mixed, tangible and intangible unto my sister Nellie Griffin, * * * and to my niece, Josephine Simpson, * * *, share and share alike, to be theirs absolutely forever.”
The trial court held that the plaintiff was not entitled to recover any of said moneys which she claimed decedent wrongfully diverted to his personal use; that the bequest of the automobile was absolute, and that the bequest to the plaintiff was a life estate in the residue.
*607 Careful consideration of the records and briefs of counsel substantiate the findings of the court in that the plaintiff failed to carry the burden of proof sufficient to impress a trust on the stocks alleged to have been purchased with the funds withdrawn from the joint account of the plaintiff and the deceased. Pearce v. Pearce, Fla.App.1957, 97 So.2d 329. From a reading of the will, and particularly the items making bequests to the wife, we believe it was the clear intention of the deceased to devise the automobile to his wife absolutely, and to give her a life estate in the remainder. Anemaet v. Martin-Senour Co., Fla.App. 1959, 114 So.2d 23.
Accordingly, the findings of the court will not be disturbed.
Affirmed.
ALLEN, Acting C. J., and KANNER (Ret.), J., concur.