**In re John LAUSCH, etc., Debtor.**

**Bankruptcy No. 80–645–BK–J–GP.**

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

June 15, 1981.

Richard W. Hennings, Tavares, Fla., for debtor.

Morton Kosto, Orlando, Fla., Trustee.

Joseph Urbaniak, Jr., Asst. U. S. Atty., Orlando, Fla., for Attorney General.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

Florida, pursuant to the authority granted individual states by § 522(b)(1) of the Bankruptcy Code, has enacted § 222.20, *Florida Statutes*, "opting out" of the Federal exemptions of § 522(d). The debtor has claimed certain exemptions accorded by state law, and the Trustee has objected to that claim of exemptions on the grounds that the provisions of § 522(b)(1) and (b)(2)(A) are in conflict with Article I, Section 8, Clause 4, of the United States Constitution. The Court, having heard the argument of counsel and considered the memoranda filed, concludes the subject sections are not unconstitutional and that Congress did not improperly delegate its authority in permitting the states to opt out of the Federal exemption scheme.

Article I, Section 8, of the United States Constitution imposes upon Congress the responsibility to enact "uniform laws on the subject of bankruptcy throughout the United States." The word "uniformity" means geographic, not intrinsic uniformity. Geographic uniformity does not mandate that the law produce the same result in

**56**

each state. *Hanover National Bank v. Moyses,* 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 113 (1902). Historically, Congress has left to the states the duty of determining exemptions. See Section 6 of the 1898 National Bankruptcy Act (11 U.S.C. § 24 (1976)); *Hanover National Bank v. Moyses, supra.* In enacting the opt out provision of § 522(b), Congress has again delegated to the states the task of determining bankruptcy exemptions. The only difference between the exemption scheme of the Bankruptcy Act and that provided in the Code is that each state legislature is presented a list of exemptions which it may enact for the benefit of its citizens or it may separately determine what property should be exempt. Because the Federal exemptions are very similar to the Uniform Exemption Act, the result of § 522(b)(1) is no different than if each state legislature were presented an opportunity to retain its existing exemptions, adopt the Uniform Exemption Act, or give its citizens a choice of the two. This Court is not prepared to say that the scheme of exemptions that Congress has prescribed in the Bankruptcy Code is unconstitutional.

 There is a presumption that acts of Congress are constitutional. Further, the Court believes that its initial responsibility is to uphold, where possible, statutes enacted by the legislature and that the decision to invalidate a law should be deferred to the appellate courts.

The Trustee has advanced an alternate theory for his objection, contending that the property claimed as exempt by its entireties status can be reached by him because there exists joint creditors of the debtor and his spouse. Claims filed in this case and the schedules do not show that there are any joint creditors, nor has the Trustee presented evidence that would enable the Court to find, by a preponderance of the evidence, that there are in fact joint creditors of the debtor and his spouse.

Whereupon, the Trustee's objection is ·overruled.