622 So.2d 1049 (1993)
Donald L. HUBERT, Appellant,
v.
Richard E. HUBERT, Sr., Anna Brodeur, et al., Appellees.
No. 92-2679.
District Court of Appeal of Florida, Fourth District.
July 28, 1993.
Rehearing and Certification Denied September 14, 1993.
Robert Jackson of Law Offices of Robert Jackson, P.A., Vero Beach, and J. James Abelson, Sebastian, for appellant.
Jerome T. Linnen, Jr. of Willis & Linnen Co., L.P.A., Akron, Ohio, and Amy D. Shield of Amy D. Shield, P.A., Boca Raton, for appellees.
KLEIN, Judge.
Donald L. Hubert appeals an order declaring that his remainder interest in his deceased father's homestead property was not exempt from estate creditors, because it was subject to the life estate of a non-heir. We reverse.
Decedent owned and resided on a homestead, and at the time of his death was survived by two sons, Donald (appellant) and Richard (appellee), but no surviving spouse. Decedent's will devised Donald all of his estate, including the homestead, subject to the following:

*1050 However, I direct that my friend, Anna Brodeur, shall be given a life estate in my home located at 762 Wimbrow Drive, Sebastian, Florida, until such time that she may remarry.
Richard, who was not in his father's will, is a judgment creditor of the estate. He sought declaratory relief that the decedent's homestead was subject to creditors of the estate, and the trial court held that Donald's remainder interest was not exempt. Donald appeals.
Notwithstanding all of the litigation our homestead exemption has spawned, the issue presented in this case is one of first impression. We therefore begin our analysis with Article X, Section 4(b) of the Florida Constitution which provides that the homestead exemption "shall inure to the surviving spouse or heirs of the owner." Donald is an heir (son) contemplated by the constitution. Decedent's homestead exemption inures to Donald's interest acquired either by devise or intestate succession. Bartelt v. Bartelt, 579 So.2d 282 (Fla. 3d DCA 1991).
On the other hand, Anna Brodeur, to whom decedent left a life estate in his homestead, is not an "heir" within the meaning of the homestead exemption. Heirs for purposes of homestead are those persons who would inherit under our statutes providing for intestate succession. Dep't of Health and Rehabilitative Services v. Trammell, 508 So.2d 422 (Fla. 1st DCA 1987). Decedent's homestead exemption would not inure to her interest.
The creditor argues that the heir, as a remainderman, has no current possessory interest in the property, and that his interest is therefore not exempt from creditors. The cases cited for this proposition by the creditor, however, are distinguishable. In those cases, Aetna Insurance Co. v. LaGasse, 223 So.2d 727 (Fla. 1969), and Anemaet v. Martin-Senour Co., 114 So.2d 23 (Fla. 2d DCA 1959), it was a creditor of the heir who was asserting a claim against the heir's future interest. Since the heir was not in possession, the heir could not claim that the future interest was exempt as the heir's homestead. In the present case it is a creditor of the decedent who is making the claim against decedent's homestead exemption, which, by virtue of Article X, Section 4 of the Florida Constitution, inures to the heirs.
In Public Health Trust of Dade County v. Lopez, 531 So.2d 946, 950 (Fla. 1988), our supreme court, quoting from Miller v. Finegan, 26 Fla. 29, at 36-37, 7 So. 140, at 142 (1890), stated:
That property which creditors could not take from the head of the family when he was living, they cannot take from his heirs after his death. This is what the Constitution plainly said to any one who might become a creditor.
In HCA Gulf Coast Hospital v. Estate of Downing, 594 So.2d 774 (Fla. 1st DCA 1991), decedent left her homestead to her former husband, as trustee of a spendthrift trust for the benefit of their daughter. A creditor of the estate claimed that the homestead exemption was eliminated because the property was devised to a non-heir (trustee/former husband). The first district relied on the well-established rule that our homestead provision is to be construed liberally to effect its purpose, citing Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 So. 440 (1914), and In re Estate of Skuro, 467 So.2d 1098 (Fla. 4th DCA 1985), aff'd, 487 So.2d 1065 (Fla. 1986). The court concluded that because the obvious intent of the decedent was that her homestead would inure for the benefit of her daughter, the technical form in which title was held would not deprive the daughter of the exemption.
The heir points out that if a decedent dies intestate, leaving a surviving spouse and a lineal descendant, the surviving spouse receives a life estate and the lineal descendant has a vested remainder [section 732.401(1), Florida Statutes (1991)], and both the spouse's life estate and the vested remainder would be protected as homestead. Likewise, protection is afforded if decedent devised a life estate in his homestead to his wife, with a remainder to his lineal descendant. He argues that if the vested remainder interest of the lineal descendant *1051 is protected by the homestead exemption in those circumstances, there is no reason why it should not be protected in this case.
We conclude that although decedent's homestead exemption would not inure to the life estate, it does inure to the heir's remainder interest. This resolution is consistent with carrying out the intent of the testator and the public policy of our homestead exemption.
Reversed.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.