**In re Betty Jean LEWIS, Debtor.**

**Bankruptcy No. 97–07551.**

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

Oct. 15, 1998.

W. Bradley Munroe, Tallahassee, FL, for Debtor.

Mark Freund, Tallahassee, FL, trustee.

*ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION*

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing on September 17, 1998 on the Trustee's Objections to Property Claimed as Exempt by the Debtor, Betty Jean Lewis. The issue before the Court is whether the Debtor may claim a homestead exemption in a remainder interest in real property. Having considered the arguments of counsel, the evidence presented, and for the reasons set forth below, I sustain the Trustee's objection and hold that the Debtor is not entitled to claim a homestead exemption in real property in which the Debtor has only a remainder interest.

**FACTS**

The Debtor filed this chapter 7 petition on August 22, 1997. The Debtor owns a mobile home. The mobile home is located on real property in which she has a vested remainder interest subject to the termination of her parents' life estate. The Debtor claims that both the mobile home and the real property upon which it sits are exempt under Florida's homestead exemption. The Trustee does not object to the Debtor's claim of exemption in the mobile home but objects to the claim of exemption in the real property because the Debtor has only a vested remainder in the real property.

**DISCUSSION**

 A Florida debtor's homestead exemption must be determined solely in accordance with Florida law. *See In re Crump,* 2 B.R.

222, 223 (Bankr.S.D.Fla.1980). Florida's homestead exemption is codified in Article X, § 4 of the Florida Constitution: "There shall be exempt from forced sale under process of any court, and no judgement, decree or execution shall be a lien thereon ... the following property owned by a natural person: (1) a homestead ...." Art. X, § 4(a)(1), Fla. Const. (West 1995).

Two Florida cases discuss whether vested remainder interests are protected under the homestead exemption. In *Anemaet v. Martin–Senour Co.*, 114 So.2d 23 (Fla. 2d DCA 1959), the debtors claimed a homestead exemption in a home in which their mother lived and in which they had only a remainder interest. The court stated, "the exemptions allowed under this section ... may attach to any estate in land owned by the head of a family residing in Florida, whether it is a freehold or less estate ...." *Id.* at 26. The court concluded, however, that the debtors' remainder interest was not entitled to the homestead exemption because

> it cannot be said that [debtors'] interest as remaindermen bestows upon them any right of occupancy or use of the property as their home place until the life estate of [their mother] has terminated. By great weight of precedent a claim of homestead may not attach to either vested or contingent future estates or interests in land, because a remainder expectant upon cessation of a preceding estate creates no present right to possession and is not susceptible to immediate occupancy by the remaindermen.

*Id.* at 27.

In *Aetna Ins. Co. v. LaGasse*, 223 So.2d 727 (Fla.1969), the Florida Supreme Court found that the debtor's remainder interest was not entitled to the homestead exemption. *See id.* at 729. In *Aetna*, the debtor resided on the property with her mother, who had a life estate. The court found that because her mother had the life estate, her mother "had the right of occupancy and use essential to a homestead claim." *Id.* The court stated that "[t]he uniform view of the courts in similar situations ... has been that consent by a life tenant to a remainderman's occupancy does not divest the life tenant of a

paramount present possessory interest." *Id.* Therefore, the court found that even though the debtor resided on the property, she did so with the permission of the life tenant whose possessory interest in the land trumped the debtor's vested remainder interest.

In many other jurisdictions as well, a remainder interest does not fall under the homestead exemption. *See Moncur v. Jones*, 72 S.D. 202, 31 N.W.2d 759, 765 (1948) ("[A] future estate will not support a claim of homestead exemption during the continuance of the prior estate."); *In re Lingerfelt*, 180 B.R. 502, 503 (Bankr.E.D.Tenn.1995) (*citing Howel v. Jones*, 91 Tenn. 402, 19 S.W. 757 (1892)) ("[A] person holding only a remainder interest had no such right [to present occupancy] and, accordingly, no homestead exemption."); *Lawrence v. Lawrence*, 911 S.W.2d 450, 452 (Tex.App.1995) *reh'g overruled* (1995) ("One who holds only a future interest with no present right to possession is not entitled to homestead protection in that property.") (citation omitted); *but see In re Dennison*, 129 B.R. 609, 611 (Bankr.E.D.Mo. 1991) (holding that in Missouri, the debtor must either occupy or intend to occupy the property with the ability to "strongly influence the time of occupation" in order to claim a homestead exemption); *In re Hankel*, 223 B.R. 728, 731 (Bankr.D.N.D.1998) (reasoning that because a remainder interest is vested and transferable, such interest is sufficient to support a homestead claim). Based on case law precedent in Florida and in other jurisdictions, the Debtor's remainder interest in not a sufficient possessory interest upon which to base a homestead exemption claim.

The Debtor in the present relies on *HCA Gulf Coast Hospital v. Downing*, 594 So.2d 774 (Fla. 1st DCA 1991), in support of her claim of homestead exemption. In *Downing*, the issue was whether the beneficiary of a spendthrift trust was entitled to a homestead exemption in property she received from her mother as against her mother's creditors. The court held that a spendthrift trust beneficiary was entitled to the homestead exemption to protect the property from the decedent's creditors because the court found that

the beneficiary held "equitable title" to the property. *See id.* at 776.

The Debtor's reliance on *Downing* is misplaced, however, because the issues considered in *Downing* and in the present case are distinguishable. In *Downing*, the issue was whether property passed through a spendthrift trust was entitled to the same protection as property passed by devise or intestacy. The court found that the mother's homestead exemption passed to the daughter through the spendthrift trust and, therefore, the daughter was entitled to claim a homestead exemption in the property as against creditors of her mother's estate. In the present case, the issue is quite different. The Debtor seeks to exempt the property from her own creditors, not those of her parents. In *Downing*, the debtor had to show that her mother's homestead exemption was not extinguished as the property passed through the spendthrift trust, and in the present case, the Debtor has to show why her vested remainder interest is entitled to homestead protection as against her own creditors.

In the present case, the Debtor lives on the property with the permission of the life tenants, her parents. Under Florida law, this permission does not give the Debtor the right to exempt the property as her homestead as long as she has only a vested remainder interest in the property.

## CONCLUSION

Based upon the foregoing analysis, the Debtor is not entitled to the homestead exemption under Article X, § 4 of the Florida Constitution. Accordingly, the Trustee's Objections to Property Claimed as Exempt is hereby SUSTAINED, and the exemption is disallowed.