**In re Donald Keith PETTIT, Debtor.**

**Bankruptcy No. 98–6517–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 8, 1999.

Gordon P. Jones, Jacksonville, FL, Chapter 7 Trustee.

Denise E. Barnett, Jacksonville, FL, for debtor.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Trustee's objection to Donald Keith Pettit's ("Debtor") claim that the single family residence located in Duval County, Florida, in which Debtor has a vested future interest, is exempt as his homestead. A hearing was held on November 18, 1998, and upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Debtor's mother, Lillie Miriam Pettit, transferred a certain parcel of real property to Debtor by warranty deed on October 10, 1988. (Debtor's Ex. 1.) The warranty deed specifically reserved a life estate for Debtor's mother and Debtor was vested with a remainder interest in the property.

2. Debtor has lived on the property for the past 18 years with his mother. Debtor has contributed substantially to the upkeep of this home and has maintained the address as his permanent residence. (Debtor's Exs. 2–7.) Debtor also keeps all of his personal property at this address.

3. On August 13, 1998, Debtor sought voluntary relief from this Court under Chapter 7 of the Bankruptcy Code. (Doc. 1.)

4. Debtor claimed the real property as exempt under Florida's homestead exemption. (Doc. 1.) The Trustee objected to this exemption on the ground that Debtor has only a vested remainder interest in the subject real property. (Doc. 12.)

5. The facts are not in dispute. However, Debtor argues that the proper construction of the Florida homestead provision, current case law, and equity mandates allowing Debtor's claim as homestead. The Trustee argues that the property is not exempt as Debtor's homestead because this vested remainder interest is not protected under the Florida homestead exemption.

## CONCLUSIONS OF LAW

■ Florida Law determines a Florida debtor's homestead exemption. *See In re Crump,* 2 B.R. 222, 223 (Bankr.S.D.Fla.1980). Florida's homestead exemption is codified at Article X, § 4, of the Florida Constitution: "There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon … the following property owned by a natural person: (1) a homestead…." FLA.STAT. ANN. art. 10, § 4 (West 1998).

The question the Court must now answer is whether Debtor's vested remainder interest is protected under the Florida homestead exemption.

■■ As a matter of public policy, the Florida homestead exemption should be liberally construed to effectuate its remedial purpose. *In re Brown,* 165 B.R. 512, 514 (Bankr.M.D.Fla.1994). The claimed exemption enjoys a presumption of validity, and therefore, the Trustee bears the burden of proving that the party claiming the exemption is not entitled to it. *Crump,* 2 B.R. at 223.

The Trustee cites three cases to support his argument. In *Anemaet v. Martin–Senour Co.,* 114 So.2d 23 (Fla.Dist.Ct.App.1959), the judgment debtors, husband and wife, were deeded property by the wife's mother. The mother reserved a life estate in one of the three houses contained on the property and continued to live there by herself. The debtors resided in an adjacent home, but only had a vested remainder interest in the house in which the mother resided. The debtors' claimed the house exempt as homestead. The court stated, "[t]he exemptions allowed under this section … may attach to any estate in land owned by the head of a family residing in Florida, whether it is a freehold or less estate, provided the land does not exceed the designated area and is in fact the family home place." *Anemaet,* 114 So.2d at 26. However, the court then concluded that the debtors' remainder interest was not entitled to the homestead exemption:

> Since the property here involved is the home place, not of [debtors], but of the [mother], … retained by her as a life estate, it cannot be said that [debtors'] interest as remaindermen bestows upon them any right of occupancy or use of the property as their home place until the life estate of [their mother] has terminated. By great weight of precedent a claim of homestead may not attach to either vested or contingent future estates or interests in land, because a remainder expectant upon cessation of a preceding estate creates no present right to possession and is not susceptible to immediate occupancy by the remaindermen.

In *Aetna Insurance Co. v. LaGasse,* 223 So.2d 727 (Fla.1969), the judgment debtor, upon the death of her father in June, 1965, acquired a vested remainder and her mother

a life estate in the property that had been her father's homestead. Aetna Insurance Company obtained a lien on a judgment obtained in circuit court against debtor, which was recorded in 1961. *Id.* at 728. In April, 1965, three months after her father died, the debtor abandoned her old residence and moved in with her invalid mother, who was completely disabled by terminal cancer. The debtor claimed the house exempt as homestead arguing that such a vested remainder is not, prior to termination of the life tenancy, an interest in 'real estate' to which a lien may attach under Florida statute. The Florida Supreme Court first noted that a remainder interest in real property is an 'interest in real estate' subject to levy under Florida law. The court next found that debtor's reasoning constituted no basis for rejecting application of the rule of numerous decisions holding homestead property subject to levy under judgments recorded prior to the time such property became the homestead of the judgment debtor. *Id.*

The debtor's alternative argument was that her possession under the particular circumstances was sufficient to give her a possessory right sufficient to support a homestead exemption claim. However, the court stated that "[t]he uniform view of courts in similar circumstances . . . has been that consent by a life tenant to a remainderman's occupancy does not divest a life tenant of a paramount present possessory interest" sufficient to support a homestead exemption. *Aetna*, 223 So.2d at 729. Thus, the court found that the record presented no reasonable basis upon which any conveyance of a present interest to debtor could be found, and therefore, held that the debtor's vested remainder interest was not protected as homestead. *Id.*

The Trustee also cites *In re Lewis*, 226 B.R. 703 (Bankr.N.D.Fla.1998). In *Lewis*, the debtor owned and lived in a mobile home located on real property which debtor had a vested remainder interest subject to the termination of her parents' life estate. The court noted that because her mother had the life estate, she had the right of occupancy and use essential to a homestead claim. The court also noted that the uniform view of the courts in similar situations has been that consent by a life tenant to a remainderman's occupancy does not divest the life tenant of a paramount present possessory interest. The court concluded that under Florida law, this permission does not give the debtor the right to exempt the property as her homestead as long as she has only a vested remainder interest in the property. *Id.* at 704. The court cited *Aetna, Anemaet* and several other cases from outside Florida to support its conclusion. *See Moncur v. Jones,* 72 S.D. 202, 31 N.W.2d 759, (1948) (holding future interest does not support homestead exemption during continuance of prior life estate); *In re Lingerfelt* 180 B.R. 502, 503 (Bankr. E.D.Tenn.1995) (noting remainder interest holder had no right to present occupancy and thus, no homestead exemption); *Lawrence v. Lawrence,* 911 S.W.2d 450, 452 (Tex.App. 1995), *reh'g overruled,* (holding future interest holder with no present right to possession does not enjoy homestead protection in that property); *but see In re Dennison,* 129 B.R. 609, 611 (Bankr.E.D.Mo.1991) (holding, under Missouri law, debtor must occupy or intend to occupy the property with the intent to "strongly influence the time of occupation" to claim homestead exemption); *In re Hankel,* 223 B.R. 728, 731 (Bankr.D.N.D.1998) (concluding that if remainder interest is vested and transferable, such interest is sufficient to support homestead claim).

■ The Debtor relies on the plain language of the Florida Constitution, the public policy behind the homestead exemption and *Hubert v. Hubert,* 622 So.2d 1049 (Fla.4th DCA 1993) to support his argument. First, the Debtor notes that the Florida homestead exemption applies to ". . . the following *property owned* by a natural person." (Doc. 21A.) (emphasis supplied). Debtor argues that the Florida Constitution makes no distinction based on degrees of ownership, therefore, a debtor should not be denied the exemption when he otherwise meets the homestead requirements. Debtor also notes public policy dictates that the homestead provision be liberally construed and interpreted broadly in favor of maintaining the homestead property. Debtor points out that this Court has previously ruled that Florida homestead is established when, coupled with

actual use and occupancy, there is actual intent to live permanently on the property. *In re Brown*, 165 B.R. 512 (Bankr.M.D.Fla. 1994). Debtor contends he meets these requirements as he has lived on the property for 18 years, keeps all of his possessions with him on the property and has contributed substantially to maintaining the property. (Doc. 21A.) However, based on Florida precedent and the reasoning of courts in other jurisdictions, the Debtor's remainder interest is not a sufficient possessory interest upon which to base a claim for a homestead exemption.

Debtor in the present case relies on *Hubert v. Hubert*, 622 So.2d 1049 (Fla.4th DCA 1993) to support his argument. Debtor notes that the bankruptcy court in *Lewis*, 226 B.R. 703, failed to consider *Hubert*. In *Hubert*, 622 So.2d at 1049, a father devised a life estate to a friend and the remainder interest to his son. A creditor of the decedent's estate challenged the son's claim of homestead exemption arguing that as an heir and remainderman, he could not claim homestead exemption because he had no present possessory interest in the property. The court held that the son could claim his vested remainder interest exempt as homestead. The court noted that the Florida Constitution specifically states: "the homestead exemption shall inure to the surviving spouse or heirs of the owner," which means that "property which creditors could not take from the head of the family when he was living, they cannot take from his heirs after his death." *Hubert*, 622 So.2d at 1050 (citing *Public Health Trust of Dade County v. Lopez*, 531 So.2d 946, 950 (Fla.1988)).

The Debtor's reliance on *Hubert* is misplaced because the issues considered in *Hubert* are distinguishable from present case. In *Hubert*, a creditor was asserting a claim against the decedent and the decedent's homestead exemption, which, by virtue of Article X, § 4 of the Florida Constitution, inures to the heirs. Thus, the court found the father's homestead protection passed to the son by devise and therefore, the son was entitled to claim a homestead exemption in the property as against the creditors of his father's estate. However, in the case at bar it is a creditor of the future interest holder who is asserting a claim against that party's future interest. Debtor lives on the property with the permission of his mother, the life tenant. Under Florida law, this permission does not give Debtor the right to exempt the property as his homestead, as long as he only has a vested remainder interest in the property.

### CONCLUSION

Debtor is not entitled to the homestead exemption under Article X, § 4 of the Florida Constitution. Accordingly, the Trustee's Objection to Debtor's Claim of Exemption is sustained, and the exemption is disallowed. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.