**In re Katherine D. PLASTER, Debtor.**

**No. 01–02848–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 5, 2001.

---

Katherine D. Plaster, Orange Park, FL, pro se.

Gordon P. Jones, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Trustee's Objection to Katherine D. Plaster's ("Debtor") claim that the single family residence located in Clay County, Florida, in which Debtor has a vested future interest, is exempt as her homestead. An evidentiary hearing was held on November 13, 2001. In lieu of oral argument, the Court instructed the parties to submit case law in support of their positions for the Court's review. Upon the evidence presented and submissions of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Debtor's aunt, Ruby Faircloth Griffin, transferred a certain parcel of real property to Debtor by quitclaim deed on January 25, 2001. (Trustees Ex. 2.) The quitclaim deed specifically reserved a life estate for Debtor's aunt and Debtor was vested with a remainder interest in the property.

2. On March 30, 2001, Debtor sought voluntary relief from this Court under Chapter 7 of the Bankruptcy Code. (Doc. 1.)

3. Debtor claimed the parcel of real property as exempt from the bankruptcy estate pursuant to Florida's homestead exemption (Trustee's Ex. 1.) The Trustee objected to this exemption on the ground

that Debtor has only a vested remainder interest in the property. (Doc. 9.)

4. At the hearing Debtor testified that she treats the parcel of real property as a homestead, in that she lives on and pays some bills attributed to the property. In addition, Debtor testified that she takes care of her aunt, who lives with her on the property. Finally, Debtor testified that her aunt, in conveying the vested future interest, intended for Debtor to have homestead rights in the property.

5. These facts are not in dispute. However, Debtor argues that the proper application of the Florida homestead provision mandates the allowance of Debtor's homestead exemption claim. The Trustee argues that the parcel of real property is not exempt from the bankruptcy estate as Debtor's homestead, because Debtor's vested remainder interest is not protected under Florida's homestead exemption.

## CONCLUSIONS OF LAW

### A. The Bankruptcy Estate and Exemptions

Upon the filing of a bankruptcy petition, the bankruptcy estate is created. 11 U.S.C. § 541(a) (West 2001). The bankruptcy estate includes all legal or equitable interests of the debtor as of the commencement of the case. 11 U.S.C. § 541(a)(1) (West 2001). The purpose of creating the bankruptcy estate is to identify the property available to satisfy creditors' claims. Norton Bankruptcy Law and Practice 2d § 51:1.

Under § 522(b), the debtor may declare certain property as exempt from inclusion in the bankruptcy estate. 11 U.S.C. § 522(b) (West 2001). Once property is exempted from the bankruptcy estate, that property is no longer available for the repayment of creditors. 11 U.S.C. § 522(c) (West 2001). Generally, parties

in interest may object to an exemption claimed by the debtor within 30 days after the § 341(a) meeting of creditors. Fed. R.Bankr.P. 4003(b) (West 2001). When an objection is made, the exemption is presumed to be valid and the party objecting to the claim of exemption bears the burden of proving the debtor is not entitled to it. *In re Crump,* 2 B.R. 222, 223 (Bankr. S.D.Fla.1980).

The Bankruptcy Code lists the property that a debtor may declare as exempt. 11 U.S.C. § 522(d) (West 2001). However, pursuant to § 522(b)(1) individual states may opt out of the Federal exemptions of § 522(d). 11 U.S.C. § 522(b)(1) (West 2001). Florida has opted out of the Federal exemptions. Fla. Stat.Ann. § 222.20 (West 2001). Therefore, bankruptcy debtors in Florida declare exemptions accorded by Florida law. *In re Lausch,* 12 B.R. 55, 56 (Bankr. M.D.Fla.1981).

### 1. Florida's Homestead Exemption

The homestead exemption under Florida law is applicable to Florida debtors in bankruptcy. *In re Crump,* 2 B.R. 222, 223 (Bankr.S.D.Fla.1980). Under Article X, § 4 of the Florida Constitution, a homestead "shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon ..." Fla.Stat.Ann. art. 10, § 4 (West 2001). Public policy dictates that Florida's homestead exemption is to be liberally construed to effectuate its remedial purpose. *In re Brown,* 165 B.R. 512, 514 (Bankr.M.D.Fla.1994). The purpose of the homestead exemption is to provide the householder a home regardless of the householder's financial condition. *In re Mead,* 255 B.R. 80, 82 (Bankr. S.D.Fla.2000) *citing, In re Meola,* 158 B.R. 881, 882 (Bankr.S.D.Fla.1993).

### a. Remainder Interests and Florida's Homestead Exemption

 The Florida Supreme Court has held that a remainder interest in real property is a real estate interest subject to levy under Florida law. *Aetna Insurance Co. v. LaGasse*, 223 So.2d 727, 728 (Fla. 1969). As a result and by "great weight of precedent" a homestead exemption claim does not apply to remainder interests in land, "because a remainder expectant upon cessation of a preceding estate creates no present right to possession and is not susceptible to immediate occupancy by the remainderman." *Anemaet v. Martin–Senour Co.*, 114 So.2d 23, 27 (Fla.2d Dist.Ct. App.1959).

## B. Cases Submitted by the Parties and Application in the Instant Case

### 1. Cases Submitted by the Trustee

The Trustee cited two cases in support of his argument: *In re Pettit*, 231 B.R. 101 (Bankr.M.D.Fla.1999) and *In re Lewis*, 226 B.R. 703 (Bankr.N.D.Fla.1998). In *Pettit*, the debtor owned a vested remainder interest in real property, on which he lived for 18 years with his mother, the life tenant. *Pettit*, 231 B.R. at 102. In addition, the debtor maintained his permanent address at the real property, kept all his personal property there, and contributed substantially to its upkeep and maintenance. *Id.* This Court in *Pettit* held that the debtor's remainder interest was not a sufficient possessory interest upon which to base a claim for a homestead exemption. *Id* at 104.

In *Lewis*, the debtor owned a vested remainder interest in real property on which she lived with the permission of her parents, the life tenants. *Lewis*, 226 B.R. at 705. The court in *Lewis* held that based on Florida law the permission to live on the property "did not give the debtor the right to exempt the property as her homestead as long as she had only a vested remainder interest in the property." *Id.*

### 2. Cases Submitted by the Debtor

 The Debtor cited two cases in support of her argument: *Bessemer Properties v. Gamble*, 158 Fla. 38, 27 So.2d 832 (1946) and *Hill v. First Nat. Bank of Marianna*, 73 Fla. 1092, 75 So. 614 (1917). In *Gamble*, the debtor constructed a house on his wife's land and made upkeep and insurance expenditures there. *Gamble*, 27 So.2d at 832. The court in *Gamble* held that the debtor could claim the homestead exemption on the property, because the homestead exemption extends to *any* right or interest the head of a family may hold in land. *Id.* at 833 (emphasis added). In *Hill*, the debtor's nieces, nephews and mother lived next to him on adjacent parcels of land. *Hill*, 75 So. at 615. In addition, the debtor acted as the head of the household for his nieces, nephews and his mother for many years. *Id.* The court held the debtor acted as a head of family and could claim a homestead exemption on the property where his nieces and nephews and mother lived. *Id.* at 617. The Supreme Court of Florida determined what constitutes a head of a family:

"To constitute a 'head of a family' there must be at least two persons who live together in the relation of one family, and one of them must be 'the head' of that 'family.' When the natural relation of husband and wife or parent and child, or that of being in loco parentis, does not exist, *the relation should be one in which an established and continuing personal authority, responsibility, and obligation actually rests upon one as the head of a family' for the welfare of the others who, in law, should, or, in fact, do, recognize and observe a family*

*relation to the one as 'the head of a family.'"*

*Johns v. Bowden,* 68 Fla. 32, 66 So. 155, 159 (1914) (emphasis added).

### 3. Application in the Instant Case

 The Debtor owns a vested remainder interest in the parcel of real property. As a general rule, Debtor cannot claim a homestead exemption in regards to her vested remainder interest. Pursuant to *Pettit* and *Lewis,* this rule applies despite Debtor's testimony that she lives on the property and pays some bills attributed to the property. However, Debtor argues that she is a head of a family and therefore, her interest in the subject real property is exempt as a homestead. However, the evidence presented at the hearing falls short of establishing that Debtor is a head of a family. Debtor testified that she takes care of her aunt and that her aunt intended to confer homestead rights along with the conveyance of the vested remainder interest. Debtor offered no additional evidence regarding her care for her aunt. As such, this testimony fails to show that an established and continuing personal authority, responsibility, and obligation actually rests upon Debtor as the head of a family for the welfare of her aunt. Also, the testimony fails to show that the aunt recognizes or observes Debtor as a head of a family.

The Court notes Debtor sought to present additional documents and a videocassette as evidence. However, these materials were not offered as evidence at the hearing. It is a fundamental rule that courts do not consider as evidence materials that were not presented or introduced at a hearing or trial. 29 Am.Jur.2d. § 3, at 61 (2d. ed.1994). Thus, the Court does not address these additional materials submitted by the Debtor.

### CONCLUSION

Debtor is not entitled to the homestead exemption under Florida law. Accordingly, the Trustee's Objection to Debtor's Claim of Exemption is sustained, and the exemption is disallowed. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.